[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10264
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-00168-CG-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN ALPHONZO JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 20, 2018)

Before MARCUS, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

In 2013, federal prisoner Kevin Johnson pleaded guilty to possession of a

firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was

sentenced to 24 months' imprisonment, followed by three years of supervised

release. In 2016, Johnson's supervised release was revoked after he admitted to possessing and using marijuana, and, consequently, the district court sentenced him to a 12-month and one-day term of imprisonment, followed by two years of supervised release. In 2018, the district court revoked Johnson's supervised release after he again admitted to, among other things, using illicit drugs, and sentenced him to 12 months' imprisonment, followed by one year of supervised release. Johnson now appeals the within-guideline sentence of imprisonment he received upon revocation of his supervised release in 2018. He argues that his sentence was substantively unreasonable, because, in determining his sentence, the district court failed to discuss the factors found in 18 U.S.C. § 3553(a), and focused exclusively on his prior supervised release revocation, to the exclusion of his equities. After careful review, we affirm.

We review the sentence imposed upon revocation of supervised release for reasonableness, United States v. Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008), which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted).

Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment. 18 U.S.C. § 3583(e). In imposing a sentence upon revocation of

2

supervised release, a court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2) -- specifically, the need to afford adequate deterrence, protect the public from the defendant's future criminal conduct, and provide the defendant with educational or vocational training, medical care, or other correctional treatment. Id. §§ 3553(a), (a)(2)(B)-(D), 3583(e). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, and the need to provide restitution to any victims. Id. §§ 3553(a)(1), (4)-(7), 3583(e).

However, where a defendant violates a term of his supervised release by possessing a controlled substance, a court must revoke his supervised release and require him to serve a term of imprisonment. 18 U.S.C. § 3583(g). Moreover, "when revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not require consideration of the § 3553(a) factors." United States v. Brown, 224 F.3d 1237, 1241 (11th Cir. 2000), abrogated on other grounds as recognized in United States v. Vandergrift, 754 F.3d 1303, 1309 (11th Cir. 2014). If a district court revokes a term of supervision, the court may require the defendant to serve in prison all or part of the term of release that is statutorily authorized for the offense that resulted in the term of release. Id. § 3583(e)(3). A

prison term of up to two years may be imposed if the underlying offense is a Class C felony. Id. A violation of 18 U.S.C. § 922(g)(1) is a Class C felony. See id. §§ 3559(a)(3), 924(a)(2).

The guideline range for a release-revocation sentence is based on the classification of the conduct that resulted in the revocation and the criminal history category applicable during the defendant's original sentencing. United States v. Campbell, 473 F.3d 1345, 1348-49 (11th Cir. 2007); see also U.S.S.G. §§ 7B1.1(a)(3), 7B1.4(a). As relevant here, a technical violation of a defendant's conditions of supervised release is a Grade C violation. U.S.S.G. § 7B1.1(a)(3)(B). The guideline range for a Grade C violation and a criminal history category of IV is 6-12 months' imprisonment. Id. § 7B1.4(a).

A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." Pugh, 515 F.3d at 1191 (quotations omitted). We defer to the district court's judgment regarding the weight given to each § 3553(a) factor, unless the district court has made "a clear error of judgment" under the facts of a particular case. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). A sentencing court need not discuss each § 3553(a) factor individually. Pugh, 515 F.3d at 1191 n.8. Rather, it "should set forth enough to satisfy the appellate court that [it] . . . has a reasoned basis for exercising [its] own

legal decisionmaking authority." United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotation omitted).

We will reverse only if we are left with the firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc). And while we have declined to adopt a presumption of reasonableness as to sentences within the guidelines range, we have said that "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009) (quotations omitted).

Here, the district court did not abuse its discretion by sentencing Johnson to a within-guideline, 12-month term of imprisonment for his supervised release violations. First, because the district court found that Johnson violated his supervised release based on his admitted possession and use of two controlled substances, the court was required to revoke his supervision and impose a term of imprisonment, pursuant to 18 U.S.C. § 3583(g). Brown, 224 F.3d at 1241. As a result, the court was not required to consider the § 3553(a) factors when determining Johnson's sentence. Id.

5

But even if the court was required to consider the § 3553(a) factors, Johnson still cannot carry his burden of demonstrating that his sentence was substantively unreasonable, because he cannot show that the court failed to consider those factors, or that it committed a clear error of judgment in weighing the relevant § 3553(a) factors.  Irey, 612 F.3d 1190.  First, we may expect that Johnson's within-guideline sentence is substantively reasonable.  Docampo, 573 F.3d at 1101.  In addition, the district court explicitly stated that it had considered the § 3553(a) factors.  Moreover, the district court did not err in concluding that Johnson's supervision record -- which included a previous revocation that resulted from Johnson's use of illicit drugs -- was a relevant factor, especially since Johnson committed the instant violation by again using illicit drugs.  That consideration was appropriate because Johnson's newest violation was another indication that he lacked respect for the law, and was largely undeterred from using illicit drugs or from engaging in other criminal conduct.  See 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C).  And finally, even though he takes issue with the weight the district court gave to his personal and familial considerations, he cannot show that the district court erred in concluding that his violation conduct outweighed those considerations.  Gonzalez, 550 F.3d at 1324.

Accordingly, we affirm Johnson's within-guideline, 12-month custodial sentence.

**AFFIRMED**.